UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

In re                                )
                                     )        Chapter 13
                                     )        Case No. 18-50455
MICHAEL JAMES GARVEY                  )
                        Debtor        )

FILED
U.S BANKRUPTCY COURT
WESTERN DISTRICT OF NC
JUL 27 2018
STEVEN T SALATA, CLERK
CHARLOTTE DIVISION
MDW

## MOTION FOR EXTENSION OF TIME
## TO FILE REQUISITE FORMS

Comes now Garvey, as noted in the above caption, drafting pro se due to straightened and extra ordinary circumstances enumerated seriatim:

1) Garvey is now 73 years old, computer illiterate and surviving on substantially less income then poverty level filers and moves the Court to grant the Motion for Extension of Time to file the necessary schedules;

2) Garvey has been subjected to elder legal abuse since 2012 after surviving cancer treatment which required hospitalization. This motion is being submitted for the specific reason of debt relief so as to save his home and in no way should be interpreted to delay any proceeding;

3) In light of Garveys' past attempts in filing acceptable and cogent bankruptcy schedules it is clear he needs legal assistance to prevail;

4) Garvey has contacted numerous attorneys: Max Gardener, Roger Gourley, Jeffery Dolrymple, Wayne Heasley, Chris Karrenstein, Crawford Schultze, David Hitchens, Duncan Law,

Catherine Foodman (Hunter), James Hord, numerous other lawyers and firms as well as the nine (9) remaining names in the "Charlotte Yellowbook" listed under the category of "Attorneys-Bankruptcy".

5) At the present Garvey is attempting to retain Mr. Allen Wood, however Mr. Wood is attempting to re-arrange vacation schedules so as to accommodate an unwanted client incorporated into already heavy case load;

6) Garvey has filed bankruptcy as a last legal attempt to save his home from an UNCONSTITUTIONAL special proceeding in the State Courts which granted a judgment procured by fraud, in the State Courts, I am <u>NOT</u> a bankruptcy abuser. If this Court finds saving the last, and most important financial asset Garvey owns is not a mitigating factor in response to being labeled as a "bankruptcy abuser". He will voluntarily withdraw the instant Chapter 13 filing after the hearing of August 10, 2018;

7) Garvey plans on presenting to this Honorable Court incontrovertible evidence relying on the North Carolina Secretary of States, Ms. Elaine F. Marshall, May 2006 Constitutional handbook evidence. The evidence in question was presented in the Superior Court in Ashe County on July 2, 2018 in Case No. 18CVS92 as prescribed in the Unconstitutional N.C. General Statute 45-21.34 commanding a foreclosure debtor file a separate legal action to enforce equitable defenses not addressable under N.C.G.S. 45-21.16 at which only common law defenses can be made to the five prerequisite requirements of foreclosure under Chapter 45 "Power of Sale" unconstitutional statutes in direct contravention of Article I, § 25 and Article IV, § 13 paragraph 2 of the 1971 N.C. Constitution.

8) Furthermore, the State Courts have allowed the opposing attorneys to submit five (5) different mortgage notes in violation of Rules of Evidence and State Forgery Statutes at § 14-

125 as well as Federal Statutes at USC Title 18 § 484 as well as ignore or overlook the affidavits

of the necessary parties, to foreclosure procedure, "Jak" Reeves and Jacqueline Holzer. Garvey is

attempting to save his family home from a judgment procured by fraud.

9) Thru information and belief Garvey asserts all of the preceding issues are review-able

under the Bankruptcy Statutes to preclude and prohibit the false claims of creditors in bankruptcy

proceeding;

10) In summary and conclusion, debtor Garvey requests this Honorable Court grant the

Motion for Extension of Time, consider the extra-ordinary benefit of appointing competent

bankruptcy counsel to clarify all the issues and prevent a miscarriage of Justice. Please see the

dissenting opinions of Justice Webb at page 7 of Kiser v Kiser, 385 S.E. 2d 487 (1989); The work of

the Honorable Judge Rebecca B. Knight entitled: The issues will be raised by: Pleadings, motions

and the judge on the Judges own motion; The dissent in re lucks by Robert N. Hunter at page 9 in

no. COA15-581 filed April 5, 2016, Turner v Blackburn, 389 F. Supp. 1250, 1259 (W.D.N.C. 1975).

Respectfully submitted,

Michael J Garvey
330 Walter Godbey Road
West Jefferson, NC 28694
336-877-6298

# CERTIFICATION

Garvey certifies an exact copy of the preceding was mailed First Class on
26th day of _July_ , 2018 year.

Mr. Jeffory Bundey
Heitchens, etal
6238 Fairview Rd. Ste #315
Charlotte, NC 28210

Clark, U.S. Bankruptcy Ct.
401 W. Trade St. Rm 111
Charlotte, N.C. 28202

# VERIFICATION

Garvey avers the preceding pleading is accurate and true to the best of his knowledge at
this juncture in time, under penalty of perjury.

26th day of _July_ month, 2018 year.

M. J. Garvey

Mike Garvey
330 Walter Godbey Road
West Jefferson, NC 28694
336-877-6298